IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| King Dan Rives and | ) | Case No. 15-03653 |
| Marydel Hart Nelson, | ) | (Chapter 13) |
| | ) | |
| Debtors. | ) | |

**MOTION FOR RELIEF
FROM AUTOMATIC STAY**

Pursuant to Section 362(d) of Title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code") and Bankruptcy Rules 4001 and 9014, Daniel and Delancy McAuley, (hereinafter collectively "Movant"), by and through counsel, hereby moves the Court for an Order for Relief from the Automatic Stay provisions of 11 U.S.C. § 362(a).

In support of its Motion, Movant shows unto the Court as follows:

1. On or about July 2, 2015, the Debtors King Dan Rives and Marydel Hart Nelson a/k/a Marydel Rives (hereinafter "Debtors") filed a petition with the United States Bankruptcy Court for the Middle District of North Carolina for relief under Chapter 13 of the United States Bankruptcy Code.

2. This Court has jurisdiction over the Motion pursuant to the provisions of 11 U.S.C. § 362 and Bankruptcy Rules 4001 and 9014.

3. John F. Logan is the duly appointed Trustee in the Debtor's Chapter 13 proceeding.

4. On or about September 20, 2014, Debtors entered into an Residential Lease with Movant for rental of that certain real property located at 6213 Remington Lake Drive, Raleigh, North Carolina 27616 (hereinafter "Premises") for a lease term beginning on October 1, 2014 and scheduled to end on September 30, 2015 at the monthly rental rate of $1,700.00 (hereinafter "Lease"). A true and accurate copy of the Lease is attached hereto and incorporated herein as **Exhibit "A"**.

5. Pursuant to the terms of the Lease, Debtors are required to pay the monthly rental payment in full on or before the first (1st) day of each month of the lease term with no grace period.

6. At the time of the filing herein, Debtors are in default of their obligation under the Lease as they have failed to pay rent for the month of August 2015.

7. Movant is an unsecured creditor in the Debtors' bankruptcy proceeding under an executory lease contract. Debtors have indicated their intent to reject the executory lease contract with Movant, but as of the filing of this Motion, Debtors are still in possession of the Premises and are in default of the Lease due to their failure to pay the post-petition rental obligation for August 2015. A breakdown of the Chapter 13 post-petition arrearage is as follows (A true and accurate copy of the current ledger for the Debtors is attached hereto as **Exhibit "B"**.):

|  |  |  |
|---|---|---|
| 08/01/15 | Rent | $ 1,700.00 |
| 08/06/15 | Late fee | $    75.00 |
| Total Post-Petition Rental Arrearage | | $ 1,775.00 |

8. Debtors do not have any equity in the Premises at issue herein.

9. The Premises at issue herein is not necessary for an effective reorganization.

10. Movant is not adequately protected, Debtors are still in possession of the Premises, a breach of the Lease has been established and Debtors have failed to offer adequate protection and/or reasonable assurances that the aforementioned default will be cured in a timely manner and/or that Debtors have the capability of curing the aforementioned default and timely paying the monthly rental payments going forward.

11. Movant is entitled to Relief from Stay to file a State Court action for Summary Ejectment, in which Movant intends to only seek possession of the Premises, based upon default of the Lease by Debtors.

12. Movant hereby waives the right under 11 U.S.C. §362(e) to a hearing on its motion for relief from stay within thirty (30) days of the date it is filed.

BASED UPON THE FOREGOING, Movant respectfully prays the Court as follows:

1. The stay imposed by 11 U.S.C. § 362(a) be terminated, annulled or modified to permit Movant to file a State Court action for Summary Ejectment based upon breach of the Lease by Debtors King Dan Rives and Marydel Hart Nelson a/k/a Marydel Rives, wherein Movant is simply seeking possession of the Premises identified in the Lease attached hereto; that said relief is immediate, and the ten (10) day waiting period of F.R.B.P. 4001(a)(3) does not apply; or in the alternative that it receive adequate protection from Debtors King Dan Rives and Marydel Hart Nelson a/k/a Marydel Rives that the default will be cured in a timely manner;

2. The hearing of this Motion be the final hearing under 11 U.S.C. § 362(c) and any preliminary hearing be consolidated herein and Orders entered accordingly; and

3. It have such other and further relief as the Court deems just and proper.

This the 17th day of August, 2015.

/s/ Annie D. Ellison
Annie D. Ellison, NCSB # 45629
**BROWNLEE LAW FIRM, PLLC**
4020 WestChase Blvd., Suite 530
Raleigh, North Carolina 27607
Telephone:  919.863.4305
Facsimile:  919.863.4315

## CERTIFICATE OF SERVICE

I, Annie D. Ellison, of the Brownlee Law Firm, PLLC, hereby certify that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that I have this day served the foregoing **Motion for Relief from Stay** upon the following parties by depositing a copy of the same in an envelope and depositing the same with the US Postal Service addressed as follows:

>**Debtor**
>**King Dan Rives**
>**6213 Remington Lake Drive**
>**Raleigh, North Carolina 27616**
>
>**Debtor**
>**Marydel Hart Nelson a/k/a Marydel Rives**
>**6213 Remington Lake Drive**
>**Raleigh, North Carolina 27616**
>
>**Bankruptcy Attorney**
>**Teresa Welk**
>**Welk Law Office, PC**
>**812 Salem Woods Drive, Suite 102**
>**Raleigh, North Carolina 27615**
>
>**Bankruptcy Trustee**
>**John F. Logan**
>**Office of the Chapter 13 Trustee**
>**P.O. Box 61039**
>**Raleigh, North Carolina 27661**

I certify under penalty of perjury that the foregoing is true and correct.

This the 17th day of August, 2015.

/s/ Annie D. Ellison
Annie D. Ellison, NCSB # 45629
**BROWNLEE LAW FIRM, PLLC**
4020 WestChase Blvd., Suite 530
Raleigh, North Carolina 27607
Telephone: 919.863.4305
Facsimile: 919.863.4315

# Residential Lease

### Clause 1. Identification of Landlord and Tenant

This Agreement is entered into between <u>King and Marydel Rives</u> ("Tenant") and <u>Daniel & Delancy McAuley</u> ("Landlord"). Each Tenant is jointly and severally liable for the payment of rent and performance of all other terms of this Agreement.

### Clause 2. Identification of Premises

Subject to the terms and conditions in this Agreement, Landlord rents to Tenant, and Tenant rents from Landlord, for residential purposes only, the premises located at <u>6213 Remington Lake Drive, Raleigh NC 27616</u>, ("the premises"), together with the following furnishings and appliances: <u>Stove, Refrigerator, Dishwasher, Washer, Dryer and Microwave, etc.</u>

### Clause 3. Limits on Use and Occupancy

The premises are to be used only as a private residence for Tenant(s) listed in Clause 1 of this Agreement.

### Clause 4. Term of the Tenancy

The term of the rental will begin on <u>10/1/2014</u>, and end on <u>9/30/2015</u>. If Tenant vacates before the term ends, Tenant will be liable for the balance of the rent for the remainder of the term.

### Clause 5. Payment of Rent

*Regular monthly rent.*

Tenant will pay to Landlord a monthly rent of <u>$1700.00</u>, payable in advance on the first day of each month, except when that day falls on a weekend or legal holiday, in which case rent is due on the next business day. Rent will be paid to <u>Daniel & Delancy McAuley</u>.

*Delivery of payment.*

Rent may be paid:


EXHIBIT A

[ X ] by electronic payment

[ X ] by mail

*Form of payment.*

Landlord will accept payment in these forms:

[ X ] personal check made payable to Daniel & Delancy McAuley

[ X ] cashier's check made payable to Daniel & Delancy McAuley

[ X ] money order

[ X ] cash

### Clause 6. Late Charges

If Tenant fails to pay the rent in full before the end of the 10th day after it's due, Tenant will pay Landlord a late charge of $75.00 plus regular monthly rent.

### Clause 7. Returned Check and Other Bank Charges

If any check offered by Tenant to Landlord in payment of rent or any other amount due under this Agreement is returned for lack of sufficient funds, a "stop payment," or any other reason, Tenant will pay Landlord a returned check charge of $50.00.

### Clause 8. Security Deposit

On signing this Agreement, Tenant will agree to pay Landlord the sum of $1700.00 as a security deposit.

### Clause 9. Utilities

Tenant will pay all utility charges.

### Clause 10. Assignment and Subletting

Tenant will not sublet any part of the premises or assign this Agreement without the prior written consent of Landlord.

### Clause 11. Tenant's Maintenance Responsibilities

Tenant will: (1) keep the premises clean, sanitary, and in good condition and, upon termination of the tenancy, return the premises to Landlord in a condition identical or better

to that which existed when Tenant took occupancy, except for ordinary wear and tear; (2) immediately notify Landlord of any defects or dangerous conditions in and about the premises of which Tenant becomes aware; and (3) reimburse Landlord, on demand by Landlord, for the cost of any repairs to the premises damaged by Tenant or Tenant's guests or business invitees through misuse or neglect.

Tenant has examined the premises, including appliances, fixtures, carpets, drapes, and paint, and has found them to be in good, safe, and clean condition and repair, except as noted in the Landlord/Tenant Checklist.

### Clause 12. Repairs and Alterations by Tenant

Tenant will not, without Landlord's prior consent, rekey, or install any locks to the premises or install or alter any burglar alarm system. Tenant will provide Landlord with a key or keys capable of unlocking all such rekeyed or new locks as well as instructions on how to disarm any altered or new burglar alarm system.

### Clause 13. Violating Laws and Causing Disturbances

Tenant is entitled to quiet enjoyment of the premises. Tenant and guests or invitees will not use the premises or adjacent areas in such a way as to: (1) violate any law or ordinance, including laws prohibiting the use, possession, or sale of illegal drugs; (2) commit waste (severe property damage); or (3) create a nuisance by annoying, disturbing, inconveniencing, or interfering with the quiet enjoyment and peace and quiet of any other tenant or nearby resident.

### Clause 14. Pets

Pets are acceptable. Tenants are responsible for any damages caused by their pets if any.

### Clause 15. Landlord's Right to Access

Landlord shall give Tenant proper notification in order to enter the premises to conduct an annual inspection to check for safety or maintenance problems.

### Clause 16. Extended Absences by Tenant

Tenant will notify Landlord in advance if Tenant will be away from the premises for 45 or more consecutive days. During such absence, Landlord may enter the premises at times

reasonably necessary to maintain the property and inspect for needed repairs.

### Clause 17. Possession of the Premises

*a. Tenant's failure to take possession.*

If, after signing this Agreement, Tenant fails to take possession of the premises, Tenant will still be responsible for paying rent and complying with all other terms of this Agreement.

*b. Landlord's failure to deliver possession.*

If Landlord is unable to deliver possession of the premises to Tenant for any reason not within Landlord's control, including, but not limited to, partial or complete destruction of the premises, Tenant will have the right to terminate this Agreement upon proper notice as required by law. In such event, Landlord's liability to Tenant will be limited to the return of all sums previously paid by Tenant to Landlord.

### Clause 18. Tenant Rules and Regulations

Tenants acknowledge receipt of, and have read a copy of, tenant rules and regulations, which are labeled Attachment A and attached to and incorporated into this Agreement by this reference.

### Clause 19. Payment of Court Costs and Attorney Fees in a Lawsuit

In any action or legal proceeding to enforce any part of this Agreement, the prevailing party shall recover reasonable attorney fees and court costs.

### Clause 20. Disclosures

None

### Clause 21. Authority to Receive Legal Papers

The Landlord and anyone designated by the Landlord are authorized to accept service of process and receive other notices and demands, which may be delivered to:

[X] The Landlord, at the following address: 1423 Concord Church Rd Roxboro, NC 27574

### Clause 22. Additional Provisions

None

### Clause 23. Validity of Each Part

If any portion of this Agreement is held to be invalid, its invalidity will not affect the validity or enforceability of any other provision of this Agreement.

### Clause 24. Grounds for Termination of Tenancy

The failure of Tenant or Tenant's guests or invitees to comply with any term of this Agreement, is grounds for termination of the tenancy, with appropriate notice to tenants and procedures as required by law.

### Clause 25. Entire Agreement

This document constitutes the entire Agreement between the parties, and no promises or representations, other than those contained here and those implied by law, have been made by Landlord or Tenant. Any modifications to this Agreement must be in writing signed by Landlord and Tenant.

| Date | Signature | | |
|---|---|---|---|
| 9/20/14 | DANIEL MCAULEY | | DELANCY MCAULEY |

1423 Concord Church Rd
Street Address

Roxboro, NC 27574
City, State, & Zip

(919) 538-1139
Phone

8/28/2014    KING RIVES    KingRives@HotMail.com
Date                              Email

9/20/14    MARYDEL RIVES    marydelrives@gmail.com
Date                                  Email

Case 15-03653-5-SWH    Doc 14    Filed 08/17/15    Entered 08/17/15 13:40:10    Page 9 of 9

| Date | Payments | Balance | Applied to |
| --- | --- | --- | --- |
| 9/19/2014 | 150 | 0 | 3 days to move in early |
| 9/19/2014 | 150 | (1550) | Security Deposit |
| 10/1/2014 | (1700) | (3250) | Oct rent |
| 10/10/2014 | (85) | (3335) | late payment |
| 10/29/2014 | 1700 | (1635) | Oct payment |
| 11/1/2014 | (1700) | (3335) | Nov rent |
| 11/10/2014 | (85) | (3420) | Nov late payment |
| 12/1/2014 | (1700) | (5120) | Dec rent |
| 12/10/2014 | (85) | (5205) | Dec late payment |
| 12/26/2014 | 850 | (4355) | draft payment |
| 1/1/2015 | (1700) | (6055) | Jan rent |
| 1/9/2015 | 850 | (5205) | draft payment |
| 1/10/2015 | 85 | (5120) | late payment |
| 1/30/2014 | 850 | (4270) | draft payment |
| 2/1/2014 | (1700) | (5970) | draft payment |
| 2/10/2014 | (85) | (6055) | Feb rent |
| 2/20/2015 | 1700 | (4355) | deposit by Marydel |
| 3/1/2015 | (1700) | (6055) | Mar rent |
| 3/5/2015 | 1 | (6054) | payment |
| 3/10/2015 | (85) | (6139) | late payment |
| 3/19/2015 | 1 | (6138) | payment |
| 4/1/2015 | (1700) | (7838) | Apr rent |
| 4/3/2015 | 1700 | (6138) | rent payment |
| 4/10/2015 | (85) | (6223) | late fee |
| 4/16/2015 | 1 | (6222) | payment |
| 4/30/2015 | 1 | (6221) | payment |
| 5/1/2015 | (1700) | (7921) | May rent |
| 5/10/2015 | (85) | (8006) | late fee |
| 5/14/2015 | 1 | (8005) | payment |
| 5/28/2015 | 1 | (8004) | payment |
| 6/1/2015 | (1700) | (9704) | June rent |
| 6/10/2015 | (85) | (9789) | late fee |
| 6/12/2015 | 1 | (9788) | payment |
| 7/1/2015 | (1700) | (11488) | July rent |
| 7/10/2015 | (85) | (11573) | late fee |
| 8/1/2015 | (1700) | (13273) | Aug rent |
| 8/10/2015 | (85) | (13358) | late fee |



EXHIBIT B